IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CARLOS BROOKS, #197616, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:17-CV-22-WKW |
| | ) | |
| WARDEN ROEISHA BUTLER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Carlos Brooks ("Brooks"), an indigent state inmate, on January 11, 2017. In the instant complaint, Brooks alleges that defendant Rivers, a correctional officer, failed to protect him from a random attack by other inmates. He also argues that the medical care provider, Corizon, denied him adequate treatment for injuries suffered in this attack. Doc. No. 1 at 3.[1]

Pursuant to the orders of this court, the defendants filed special reports supported by relevant evidentiary materials, including affidavits and medical records, in which they address the claims for relief presented by Brooks. Defendants argue that they did not act with deliberate indifference to Brooks' safety or medical needs. The incident report and affidavits of the correctional defendants indicate that defendant Rivers was assigned to the health care unit for security purposes, and, therefore, was not in a position to provide

---

[1]The actions about which Brooks complains occurred at the Easterling Correctional Facility on December 11, 2016.

security to Brooks as he sat in his dorm. Doc. No. 15-2 at 1. A correctional officer, McElwayne Broadnax, was assigned to Brooks' dorm as a rover at the time of the incident, but Broadnax did not observe the attack made the basis of the complaint. Doc. No. 15-3. Broadnax did observe Brooks walking in the back of the dorm after the attack, noted his injuries and immediately escorted Brooks to the heath care unit for treatment. *Id*. Upon his arrival at the health care unit, Brooks advised the attending nurse "I am on drugs. 'Swirl and Ice.' 2 guys stuck me and I did [not] even see them coming." Doc. No. 8-1 at 29; Doc. No. 21-5 at 1. The nurse cleaned Brooks' wounds, provided pain medication, administered a tetanus shot and referred Brooks to the facility's physician, Dr. Tahir Siddiq, for additional treatment. Doc. No. 8-1 at 30-31. Dr. Siddiq sutured the wounds suffered by Brooks and ordered that the nursing staff monitor his condition in the health care unit for the next few hours before discharging him to correctional officials. Doc. No. 8-1 at 36.

The court issued an order directing Brooks to file a response to the defendants' written reports. Doc. No. 22. This order advised Brooks that his failure to respond to the reports filed by the defendants would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." *Id*. at 1 (emphasis in original). Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action. *Id*. (emphasis in original). The time for Brooks to file a response to the defendants' special reports expired on April 18, 2017. As

of the present date, Brooks has failed to file a response. The court therefore concludes that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. *See Abreu-Velez v. Board of Regents of Univ. System of Georgia*, 248 F. App'x 116, 117-118 (11th Cir. 2007). After such review, the court finds that dismissal of this case is the proper course of action. Initially, the court notes that Brooks is an indigent individual and the imposition of monetary or other punitive sanctions against him would be ineffectual. Moreover, Brooks' inaction in the face of the defendants' reports and evidence suggests a loss of interest in the continued prosecution of this case. Finally, the undisputed evidentiary materials submitted by the defendants demonstrate that no violation of the Constitution occurred, i.e., the defendants have not acted with deliberate indifference to Plaintiff's safety or medical needs. It therefore appears that any additional effort by this court to secure Brooks' compliance would be unavailing and a waste of this court's scarce resources. Consequently, the court concludes that Brooks' abandonment of his claims and his failure to comply with an order of this court warrant dismissal. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, generally, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion).

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice.

It is further ORDERED that on or before May 25, 2017 the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 11th day of May, 2017.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge